COCHRAN *et al. v.* AMERICAN OPERA Co., Limited, *et al.*

(*Supreme Court, General Term, First Department.* January 24, 1890.)

CORPORATIONS—ACTIONS AGAINST STOCKHOLDERS—LACHES.

    Where it appears that an equitable action to enforce the personal liability of stockholders of an insolvent corporation was begun in June, 1887; that on plaintiffs' motion an order of reference of all the issues in the case was made in August, 1888; that on appeal to the general term the order of reference was reversed in January, 1889; that, one of the stockholders having then died, plaintiffs at once made an effort to have the action revived against his representatives, but, owing to delay in the probate of his will, plaintiffs' motion for revival could not be heard until April, 1889, when it was denied; that on appeal by plaintiffs to the general term the order was reversed, and the action revived against the executors; and that the executors then appealed to the court of appeals,—a motion either to dismiss the complaint, or to dissolve an order restraining creditors from prosecuting individual suits at law against the stockholders, which motion is based on plaintiffs' alleged failure to bring the action to trial, will be denied.

Appeal from special term, New York county.

S. Skiddy Cochran and Annie Lee began an equitable action against the American Opera Company, Limited, and about 80 others, to enforce the personal liability of the individual stockholders for the debts of the corporation. A preliminary injunction was granted restraining creditors from prosecuting their actions at law against the stockholders. For different phases of the litigation see 4 N. Y. Supp. 234, and 6 N. Y. Supp. 304.

William W. Badger, on behalf of Ruth Torbett, Jessie Watson, Frank Walton, and William Parry, creditors of the company, on September 26, 1889, moved to dismiss the complaint, or dissolve the injunction, for want of prosecution, relying on the following affidavit:

"Wm. W. Badger, being duly sworn, deposes and says: That this action was begun on June 7, 1887, by the issuing of a preliminary injunction order dated that day, which was afterwards continued, and is still in force, and which restrains about eighty defendants, therein named, from beginning or taking any proceedings in actions at law to collect the just debts and claims against the stockholders of the American Opera Company, Limited. That, as deponent is informed and believes, this action has never been put on any calendar of this court by the plaintiffs for the trial of the issues thereof, and it has never been noticed for trial by the plaintiffs or their attorneys, except as to some motions and incidental questions, although issues have long since been joined by answers of many defendants duly served, and although many later issues joined in other actions have been tried. That an order of reference was made in August, 1888, to Samuel Jones, Esq., which order was reversed, on appeal by the general term, in January, 1889, as deponent believes, since which no steps whatever have been taken by the plaintiffs towards the actual trial of the issues joined, so far as deponent has been able to learn, after careful inquiry; nor are any such steps contemplated, so far as he knows. That many of the defendants named in the complaint and in said injunction order were employes of the American Opera Company, Limited, such as singers, ballet dancers, and stage managers, and furnishers of supplies, all of whom, as deponent believes, have obtained judgments against said corporation for claims due them, which judgments are worthless, as said

corporation is wholly insolvent, and in the hands of a receiver, now for more than two years, who has not yet been able to find or recover any assets or property of said corporation of any kind; and said corporation is not a party to this action, though named as a defendant, because this court, by its order, refused to allow the said receiver to be brought in as a party to this litigation. That the only resource of said employes is, therefore, against the stockholders or directors of said corporation; and very great injustice is being done to all of them by said preliminary injunction, and by said action not being brought to trial, and especially because none of them is allowed to notice or move it for trial separately, on their own account, by reason of the rule of practice laid down by the general term of this court, that only the plaintiffs can move such an action for trial, as decided in *Morris* v. *Crawford,* 16 Abb. Pr. 124. That this action purports to be in equity, whereby it could and should be brought to trial at the special term within a few weeks from its commencement; yet it has been pending now more than two years, with a preliminary injunction continued since June 7, 1887, with actually no practical advancement to trial, nor benefit to anybody."

The motion was opposed by Henry D. Hotchkiss, on behalf of plaintiffs, who made the following affidavit:

"Henry D. Hotchkiss, being duly sworn, says: That he is the counsel for the plaintiffs in this action, and has had entire charge of the same since its beginning. In August, 1888, on a motion made by the plaintiffs, which was opposed by many of the defendants, and by Mr. Badger, in behalf of the defendants, who make this motion, an order was entered referring all of the issues to Samuel Jones, Esq., for trial. That thereupon the issues were regularly noticed by the plaintiffs for trial before the referee, who also caused notice to be published requiring all creditors of the said American Opera Company to come in and prove their debts. That, prior to the first session of said reference, Messrs. Lawrence and Waehner and Mr. W. H. Andrews, on behalf of the defendants represented respectively by them, served notice of appeal from said order of reference, and at the same time gave notice of a motion for a stay of proceedings on the reference pending said appeal. That the motion for a stay came on in October last, before Mr. Justice BARRETT, and was granted. That thereafter no proceedings were had before the referee further than adjournments pending a decision of the appeal, and to continue the publication of notice to creditors. That said appeal came on at the general term in November, 1888, and was then argued and submitted. That no decision on the appeal was rendered until January 22, 1889, when a decision was made reversing and vacating the order of reference. That the ground of the reversal, as stated in the opinion of the presiding justice, was that the order had been granted too soon, in that the cause had not been at issue as to all of the defendants when the order was made. That deponent thereupon started to prepare papers on a new motion for a reference,—the remaining defendants having answered while the appeal had been pending; and, while such papers were preparing, deponent received notice from Messrs. Abbett and Fuller that William A. Wiechers, one of the stockholder defendants represented by them, had died in December preceding. That deponent, on inquiring of Messrs. Abbett and Fuller, was informed by them that the will of Mr. Wiechers was not then admitted to probate. That thereafter, and on February 13th, the will of said Wiechers was admitted to probate in the surrogate's court of this county, and letters testamentary thereon were granted to Franz O. Matthiessen and Henry R. Kunhardt, executors. That, on learning of the probate of said will, deponent wrote Abbett and Fuller, asking them if they would appear for the executors on a motion to revive the action, but was informed by Abbett and Fuller that they had no authority to appear for the executors, but they suggested that application be made to Messrs. Martin and Smith. counsel for the executors. That deponent thereupon caused a clerk in his

office to call upon Martin and Smith, with a request that they appear on such a motion. That Mr. John Duer, of the last-mentioned firm, stated that, while he was the general counsel of the executors, he must decline to appear on a motion in this cause, for the reason that he had no express authority from the executors to do so, and, furthermore, he was unfamiliar with the proceedings that had been had. That Mr. Duer also stated that one of said executors was then in Europe, and, the other was in Florida, but that he would write one or both of them for instructions as to the course they desired him to pursue in the matter of appearing. That thereafter, and on March 23d, deponent received word from Mr. Leon Abbett that his firm was authorized to appear for the executors on the motion to revive, but were also instructed to oppose the motion. The motion papers were thereupon served on Abbett and Fuller, and the motion was brought on for hearing at chambers, in the April term, before Mr. Justice INGRAHAM; and on May 6th an order was entered denying the motion. That deponent did not consider it advisable to allow said order to stand as the law of the case, since the whole purpose of the action was to preserve the liability of the stockholders for the benefit of all the creditors, and, if the liability of the stockholders ceased at their death, the fund to be distributed among the creditors might be very materially diminished. That deponent therefore advised the plaintiffs herein to appeal from the order of Mr. Justice INGRAHAM, and prosecuted such appeal with all diligence. That the appeal was brought on and argued at the general term in June, and was decided on July 9, 1889, when the order denying the motion to revive was reversed. That on July 15th the order of the general term was duly entered, and on the 13th day of September the attorneys for the deceased Mr. Wiechers, in pursuance of their previously expressed intention, served a notice of appeal to the court of appeals, together with the undertaking required by the Code, and the appeal is now in the court of appeals, and argument noticed for October next; and hence the answer of the executors has not yet been served. That there has not been a single day since the decision of the general term, in January, reversing the order of reference, when the plaintiffs could move for another order of reference. That deponent has at all times been ready and desirous to prosecute the action as rapidly as was possible, consistently with correct practice. On the other hand, Mr. Badger, who makes the present motion, has been just as consistent in opposing the proceedings. He demurred to the complaint; he opposed the motion for a reference; he has made a previous motion to dissolve the injunction; and he has endeavored to bring to trial common-law actions which he had begun, and the prosecution of which had been stayed by the injunction order herein. Mr. Badger not only has opposed the prosecution of the action since his appearance in it, but he used all his power to prevent service of the summons or injunction order on his clients, and to that end declined to give deponent the address of any of his clients. That the injunction herein is of vital importance to the plaintiffs, and also to the other creditors of the American Opera Company, since without it the liability of the stockholders will be exhausted for the advantage and benefit of the creditors who have commenced suits at law against individual stockholders, and to the total exclusion of the remainder. That the propriety of the injunction has been maintained by every judge of this court before whom it has come in question, and by the general term. Defendant further says that the same question of delay in prosecuting the action was considered by Mr. Justice BARRETT in the cases of Boyle and others against Coe, in which motions were argued by deponent to stay proceedings on the ground of the injunction herein. That said motions were argued in November last; and, in his opinion on granting the motion, Justice BARRETT stated that this action was 'on a fair bill and proceeding, upon equitable principles, and would probably have long since resulted in a final judgment settling the rights of all parties, forcing proper payment from stock-

holders, and equitably distributing among the just creditors the totality of such payments, but for obstructions in the seeming interest of those who want to secure a preference, and to exhaust the liability of the stockholders for their own advantage, at the expense of other creditors, equally unfortunate with themselves.'"

The following affidavit was also read at the hearing:

"John W. Houston, being duly sworn, says: That he is a member of the firm of Carter, Hughes & Cravath, who are the attorneys for the defendants Oelbermann and Dommerich in this action. That said defendants are judgment creditors of the American Opera Company, Limited. That shortly before this action was begun deponent had prepared papers in an action on behalf of said judgment creditors, similiar to this action, and then learned that this was about to be brought. Whereupon the attorneys for said defendants Oelbermann and Dommerich discontinued proceedings in the action begun by them, and entered into a stipulation with the attorneys for the plaintiffs herein to the effect that this action should not be discontinued without notice to them, and an opportunity on their part to move to be made parties plaintiffs. That deponent's firm have been kept informed of the proceedings taken herein, and have been represented in court frequently on motions made during the progress of the action. That the injunction order entered herein is the only safeguard which the majority of the creditors of the American Opera Company have against the absorption of the liability of the stockholders of the company for the benefit of a few of the creditors, whose actions were first begun."

The motion was denied, and William Parry, one of the defendants, appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wm. W. Badger*, for appellant.　*Henry D. Hotchkiss*, for respondents.

PER CURIAM. Upon reading the affidavits used upon the motion in the court below, we do not see that plaintiffs have been guilty of such delay as would deprive them of the relief which the law affords in actions of the character of the one at bar. The order should be affirmed, with $10 costs and disbursements.